UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3567-MWF (JCx)  **Date:** July 27, 2020

**Title:** *Richard Lee, et al. v. United States Citizenship and Immigration Services, et al.*

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE

On April 17, 2020, Plaintiffs Richard Lee and Houmin Yan commenced this action against Defendant United States Citizenship and Immigration Services ("USCIS") and Donna Campagnolo, District Director of USCIS. (Complaint (Docket No. 1)). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff must have served the Complaint by July 16, 2020.

On June 25, 2020, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than July 16, 2020, why the action should not be dismissed for lack of prosecution. (Docket No. 7). Plaintiff has not filed any response or any documents in response to the OSC.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-3567-MWF (JCx) | **Date:** July 27, 2020 |
| **Title:** *Richard Lee, et al. v. United States Citizenship and Immigration Services, et al.* | |

docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that any request for an extension of time to serve Defendant must include the date service was tendered to a process server (*i.e.*, Interstate) and the date service was first attempted. Plaintiff has failed to include that information or justified why an extension of time to effect service is warranted.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.